UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LEIGH REED-PRATT,

        Plaintiff,

v.                                                                                          Case No. 20-12129

JANICE WINFREY,
DETROIT ELECTION COMMISSION,
and DETROIT DEPARTMENT OF ELECTIONS,

        Defendants.
_____/

**ORDER DENYING "EX PARTE MOTION FOR AN ORDER TO SHOW CAUSE,"
ADJOURNING PRELIMINARY INJUNCTION HEARING,
AND ORDERING PLAINTIFF TO SHOW CAUSE ON TWO ISSUES**

Plaintiff Leigh Reed-Pratt brings this action for alleged violations of her procedural and substantive due process rights, as well as a claim seeking an order of criminal contempt for Defendants' violation of an injunction issued by a state court pursuant to Michigan law. (ECF No. 1, PageID.4-20.) She alleges Defendants have mailed, and plan to continue to mail, unsolicited absentee voter applications to voters in Detroit contrary to specified terms of the injunction. (*Id.*, PageID.6-7.)

### A.  Preliminary Injunction Hearing and Abstention Principles

On August 10, 2020, Plaintiff moved for a temporary restraining order ("TRO") and a preliminary injunction. (ECF No. 2.) She seeks to enjoin Defendants from mailing unsolicited absentee voter applications for the November 2020 general election. (*Id.*, PageID.22.) On August 11, 2020, the court prepared an order denying Plaintiff's request for a TRO. Before that order was docketed later in the afternoon, and before Defendants were even served, they filed a response. (ECF No. 7.) In their response,

Defendants inform the court that a separate case in state court challenges Defendants' mailing of absentee ballot applications. *See A Felon's Crusade for Equality, Honesty and Truth v. Winfrey*, Case No. 20-007315-CZ (Wayne Cnty. Cir. Ct.) (Kenny, C.J.). (ECF No. 7, PageID.93-94.) Defendants further asserted that a hearing before the state court is set for August 21, 2020. (*Id.*, PageID.94.)

Having now reviewed Defendants' response, it appears that this case should be either stayed or dismissed without prejudice based on considerations of federalism, comity, and/or the *Colorado River* abstention doctrine. *See Romine v. Compuserve Corp.*, 160 F.3d 337, 339-41 (6th Cir. 1998) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-19 (1976)). In *Colorado River*, the Supreme Court held that federal courts may abstain from hearing a case solely because similar pending state court litigation exists. *Colorado River*, 424 U.S. at 817; *Romine*, 160 F.3d at 339. "[D]espite the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them, . . . considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine*, 160 F.3d at 339 (quotation removed). The court finds that these questions touching upon federalism and abstention concerns should be resolved before any hearing properly can be scheduled on Plaintiff's preliminary injunction motion. The court will order additional briefing, and adjourn without date the preliminary injunction hearing currently set for August 19, 2020.

### B. Motion for Order to Show Cause

Plaintiff has also filed an "Ex Parte Motion for Order to Show Cause Why Defendants Should Not Be Held In Criminal Contempt Under Michigan Law Pursuant to

MCR 3.606(A)" (ECF No. 12), in which Plaintiff, essentially, seeks to accelerate the determination of Count II of her Complaint. Under Count II, Plaintiff asserts a claim for criminal contempt for Defendants' purported violation of an injunction issued in *Taylor v Currie*, 277 Mich. App. 85; 743 NW2d 571 (2007). Plaintiff requests in Count II that the court find Defendants in criminal contempt and impose a fine or incarceration.

Plaintiff relies on a Michigan Court Rule as the basis of her *ex parte* motion, but does not explain how this rule applies in a federal court. *See generally In re Smothers*, 322 F.3d 438, 441 (6th Cir. 2003) ("The law governing the court's ability to punish [a party for contempt of court] is 18 U.S.C. § 401(3)."); *see also* Fed. R. Crim. P. 1(1), 42. Also, Plaintiff brings this motion before Defendants' answer and before initiation of discovery. The court declines Plaintiffs' invitation to artificially expedite final determination of a claim based on nothing more than an *ex parte* motion as presented here. There is no justification shown for the court to immediately burden Defendants with a requirement to come forward to show cause, shortcutting procedural protections afforded to all litigants.

The motion is insufficiently supported and premature. It will be denied.

### C. Supplemental Jurisdiction Over Count II

Finally, while the court will order Plaintiff to show cause why the entire case should not be stayed or dismissed based on abstention principles, the court is also inclined to find that, even if the court were to retain jurisdiction over the federal claim asserted under Count I, the court should decline to exercise supplemental jurisdiction over Count II, which raises uniquely state-law issues.

A federal court may exercise supplemental jurisdiction over each claim in an action that shares a "common nucleus of operative facts" with a claim that invokes the court's original jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). However, the federal court need not exercise its authority to invoke supplemental jurisdiction in every case in which it is possible to do so. *Id.* at 726. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id.* Justification for this doctrine "lies in considerations of judicial economy, convenience, and fairness to litigants." *Id.* Therefore, "[i]n deciding whether to exercise supplemental jurisdiction . . . a judge must take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Senra v. Smithfield*, 715 F.3d 34, 41 (1st Cir. 2013). If these considerations are not present, "a federal court should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726. Additionally, supplemental jurisdiction may be denied "if the federal claims are dismissed before trial," if "it appears that the state issues subsequently predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. *Id.* at 726–27.

Title 28 U.S.C. § 1367 authorizes federal courts to exercise supplemental jurisdiction. A court has the discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) if:

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

4

Subsections one, two, and four are relevant to the present action. Although both Count I and II relate to the mailing of unsolicited absentee ballot applications, their focus is entirely different. Count II relates to whether Defendants, individuals charged with oversight of state elections, violated a state court order, issued by a state court judge, regarding state law. Despite all of this, Plaintiff seeks this federal court to issue a federal financial penalty and, presumably, imprison Defendants in a federal facility. The court is strongly resistant to allowing itself to be interjected into this state law claim, which implicates not just Michigan's election procedures and self-governance, but enforcement of its own orders involving those procedures.

It's hard to imagine a case less suited to the exercise of supplemental jurisdiction. The court will order Plaintiff to show cause why Count II should not be dismissed without prejudice.

### D.  Conclusion

IT IS ORDERED that Plaintiff's "Ex Parte Motion for Order to Show Cause Why Defendants Should Not Be Held In Criminal Contempt Under Michigan Law Pursuant to MCR 3.606(A)" (ECF No. 12) is DENIED WITHOUT PREJUDICE as premature.

Additionally, Plaintiff is ORDERED to show cause by **August 24, 2020,** why this entire case should not be stayed or dismissed without prejudice pursuant to issues of comity, federalism, and abstention.  Plaintiff is also ORDERED to show cause by **August 24, 2020** why, in any event, the court should not decline to exercise supplemental jurisdiction over Count II and dismiss it without prejudice.

IT IS FURTHER ORDERED that Defendants are DIRECTED to file a responsive brief by **August 31, 2020.** Unless otherwise ordered, no reply brief shall be presented.

Finally, IT IS ORDERED that the August 19, 2020 hearing on Plaintiff's request for a preliminary injunction is ADJOURNED WITHOUT DATE.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 13, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\CHD\Orders and Opinions\20-12129.REED-PRATT.OrderAdjourningPreliminaryInjunctionHearingandShowCause.RMK.RHC.3.docx