## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LEIGH REED-PRATT,**               Case No. 20-cv-12129
      Plaintiff**,**              **Hon. Robert H. Cleland**

v.

**JANICE WINFREY**, in her official and individual capacities as the
Detroit City Clerk,
**DETROIT ELECTION COMMISSION**, and
**DETROIT DEPARTMENT OF ELECTIONS**,
      Defendants.

_____/

**ANDREW A. PATERSON (P18690)**
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

_____/

## AMENDED COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, LEIGH REED-PRATT, by and through

her attorney, ANDREW A. PATERSON, and for her Amended

Complaint and Jury Demand ("Amended Complaint"), states as follows:

## I.     NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983; 28

   U.S.C. §§ 1331, 1337, 1343, and 1367; and, the Declaratory

   Judgment Act, 28 U.S.C. § 2201, *et. seq.*

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. 1983; 28 U.S.C. §§ 1331, 1332, 1337, 1343, and 1367.

3. This Court also has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

4. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1). Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Upon information and belief, all of the named Defendants are residents of the State of Michigan or have a place of business in the State of Michigan, and at least one of the Defendants reside in the Eastern District of Michigan. Therefore, venue is proper within the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1).[1]

---

[1] Under 28 U.S.C. § 1391(b)(1) venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Furthermore, under 28 U.S.C. § 1391(c)(2), a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction." The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. 1391." *Atlantic Marine Const. Co. v U.S. District. Court for W.Dist. of Texas*, 571 U.S. 49, 55 (2013). "[T]he court must determine

5. All events giving rise to the causes of action pleaded and alleged herein occurred in the Eastern District of Michigan.

### III.   **PARTIES**

6. Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

7. Plaintiff, Leigh Reed-Pratt ("**Plaintiff Reed-Pratt**" or "**Plaintiff**"), is a resident and registered voter of the City of Detroit, County of Wayne, State of Michigan.  Plaintiff Reed-Pratt voted in the August 4, 2020 primary election.

8. Defendant, Janice Winfrey ("**Defendant City Clerk**" or "**Defendant Winfrey**"), is the duly elected City Clerk for the City of Detroit. Defendant City Clerk has served continuously as the elected City Clerk for the City of Detroit since January 1, 2006.

9. Defendant, Detroit Department of Elections ("**Defendant Department of Elections**") is a department created by §3-101 of the 2012 Detroit City Charter that is charged with the responsibility to plan, monitor, and administer all elections in the

---

whether the case falls within one of the three categories set out in 1391(b).  If it does, venue is proper[.]" *Id*. at 55.

City of Detroit. The Defendant Department of Elections is headed by the Defendant Detroit Election Commission.

10. Defendant, Detroit Election Commission ("**Defendant City Election Commission**"), pursuant to §3-102 of the 2012 Detroit City Charter, oversees the Defendant Department of Elections and is composed of the Defendant City Clerk, who serves as it Chairperson; the President of the Detroit City Council (Brenda Jones); and the Corporation Counsel for the City of Detroit (Lawrence Garcia).

11. An actual controversy exists between the Plaintiff and the named Defendants.

## CAUSES OF ACTION

## COUNT I

**Plaintiff Reed-Pratt's Procedural and Substantive Due Process Rights Were Violated By City of Detroit Defendants With The Unilateral Mailing of Unsolicited Absentee Voter Application.**

12. Plaintiffs repeat, reallege and incorporate, the foregoing allegations, as though fully set forth and stated herein.

13. This claim is being brought by Plaintiff Reed-Pratt against Defendants Janice Winfrey, in her official and individual capacities,

Detroit Election Commission, and Detroit Department of Elections (collectively referred to herein as "**City of Detroit Defendants**") pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

14.    On August 4, 2020, Plaintiff Reed-Pratt voted in the democratic primary election.

15.    Plaintiff Reed-Pratt physically went to her assigned polling location in the City of Detroit and voted in person in the primary election held on August 4, 2020.

16.    Plaintiff Reed-Pratt did **not** vote by absentee ballot in the August 4, 2020 primary election.

17.    On or about June 3, 2020, Plaintiff Reed-Pratt, called and advised well-known political and community Activist Robert Davis that she had just received an ***unsolicited*** absentee voter **application** through the mail from the Defendants Winfrey, City Election Commission and Department of Elections, along with a prepaid postage envelope for the mailing back of her absentee voter application. (**See Unsolicited Absentee Voter**

**Application and Letter Plaintiff Reed-Pratt received**

**attached as Exhibit A**).

18.     Plaintiff Reed-Pratt further advised Robert Davis that

Plaintiff Reed-Pratt did **not** request, verbally or in writing, for the

Defendants Winfrey, City of Election Commission and

Department of Elections to send Plaintiff Reed-Pratt an absentee

voter **application** for the upcoming August 2020 primary and the

November 2020 general elections.

19.     The absentee voter application Plaintiff Reed-Pratt received

in the mail at her home on June 3, 2020 from the Defendants

Winfrey, City Election Commission, and Department of Elections

was **unsolicited**!

20.     Defendants Winfrey, City Election Commission and

Department of Elections' letter, which is dated May 2020, is

addressed to "Detroit Voter" and further advised Plaintiff Reed-

Pratt how to fill out the **unsolicited** absentee voter **application**

that was enclosed and advised Plaintiff Reed-Pratt to use the

postage prepaid envelope to return the **unsolicited** absentee

voter **application**. (**See Defendants' Letter and Unsolicited**

**Absentee Voter Application mailed to Plaintiff Reed-Pratt attached as Exhibit A**).

21.    The Defendants Winfrey, City Election Commission, and Department of Elections' actions of mailing out **unsolicited** absentee voter **applications** to Plaintiff Reed-Pratt and other registered voters in the City of Detroit were unlawful and violates Mich. Comp. Laws §168.759(5) and the Michigan Court of Appeals' holding in *Taylor v Currie*, 277 Mich. App. 85; 743 NW2d 571 (2007), *lv denied*, 483 Mich. 907; 762 NW 2d 169 (2009).

22.    The City of Detroit Defendants' unlawful actions of mailing **unsolicited** absentee voter applications were arbitrary and capricious and in violation of state law.

23.    Proof that the City of Detroit Defendants' unlawful actions were arbitrary and capricious is the fact that since the Michigan Court of Appeals' ruling in *Taylor v Currie, supra*, the City of Detroit Defendants have **NEVER** mailed **unsolicited** absentee voter applications to all registered voters in the City of Detroit.

24.    In fact, the approved minutes from the Defendant City Election Commission's May 14, 2020 meeting further illustrates

that the City of Detroit Defendants' unlawful actions of mailing **unsolicited** absentee voter applications to Plaintiff Reed-Pratt and other registered voters in the City of Detroit were arbitrary and capricious. (**See Defendant City Election Commission's Approved Minutes from May 14, 2020 Meeting attached as Exhibit B**).

25.     The approved minutes from the Defendant City Election Commission's May 14, 2020 meeting further illustrates that the City of Detroit Defendants had deliberate intentions to ignore and violate Michigan Election Law and the Michigan Court of Appeals' holding in *Taylor v Currie, supra*, and mail **unsolicited** absentee voter applications to Plaintiff Reed-Pratt and other registered voters in the City of Detroit due to the COVID-19 pandemic. (**Exhibit B**).

26.     However, although the City of Detroit Defendants' intentions were well-intended, the COVID-19 pandemic does not authorize the City of Detroit Defendants to violate Michigan Election Law or binding court orders.

27.    Under Mich.Const.1963, art. 2, § 4(1)(g), Plaintiff Reed-Pratt

has a constitutional right to vote by absentee ballot without

having to provide a reason.

28.    Under Mich.Const.1963, art. 2, § 4(1)(g), Plaintiff Reed-Pratt

has a constitutional right to **apply** to vote by absentee ballot in

any election held in the City of Detroit.

29.    Under Michigan Election Law, a registered voter must **first**

**request**, either verbally or in writing, from their local city or

township clerk an application to vote by absentee ballot.

30.    Under Mich. Comp. Laws §168.759(5), Plaintiff Reed-Pratt

has a statutory right to **request**, either verbally or in writing, an

absentee voter **application** from the Defendant Winfrey.

31.    However, neither the state constitution nor any provision of

Michigan Election Law grants the Defendant Winfrey or any of

the other City of Detroit Defendants the right to mail an

**unsolicited** absentee voter **application** to Plaintiff Reed-Pratt.

32.    Under Michigan's Constitution and Michigan Election Law,

it is Plaintiff Reed-Pratt's right to choose whether to request,

either verbally or in writing, an absentee voter **application** from the Defendant Winfrey.

33.    As noted, under Mich.Const. 1963, art. 2, §4(1)(g) and Mich. Comp. Laws §168.759(4), in order for a registered voter to vote by absentee ballot in any election, the registered voter must first request, either verbally or in writing, from their local city or township clerk an absentee voter application.

34.    Plaintiff Reed-Pratt was denied by the Defendants Winfrey, City Election Commission and Department of Elections of her state constitutional and statutory right to request, either verbally or in writing, an absentee voter application from the Defendant Winfrey.

35.    Because Plaintiff Reed-Pratt believed that the Defendants Winfrey, City Election Commission and Department of Elections' actions of mailing an **unsolicited** absentee voter **application** to Plaintiff Reed-Pratt were unlawful and illegal, Plaintiff Reed-Pratt did not feel comfortable using the **unsolicited** absentee voter **application** the City of Detroit Defendants mailed her.

36.     Because the City of Detroit Defendants sent an **unsolicited** absentee voter **application** to the Plaintiff, Plaintiff could not request a new absentee voter application from the City of Detroit Defendants.

37.     Plaintiff was told she had to use the **unsolicited** absentee voter **application** that was sent to her by the City of Detroit Defendants if Plaintiff wanted to vote by absentee in the August 4, 2020 primary election.

38.     Instead, Plaintiff Reed-Pratt chose to vote in person for the primary election held on August 4, 2020.

39.     Based upon the conversations Plaintiff Reed-Pratt overheard being held amongst election inspectors/workers in the voting precinct, Plaintiff Reed-Pratt believes Defendants Winfrey, City Election Commission and Department of Elections will attempt to mail **unsolicited** absentee voter **applications** to registered voters in the City of Detroit for the upcoming November 3, 2020 presidential general election.

40.     Political and community activist Robert Davis was recently told confidentially by political insiders that Defendant Winfrey

will be mailing out **unsolicited** absentee voter **applications** to registered voters in the City of Detroit who voted "in person" at the August 4, 2020 primary election and/or did not return an absentee voter application to vote by absentee ballot for the impending November 3, 2020 presidential general election.

41.     The City of Detroit Defendants, individually and collectively, denied Plaintiff Reed-Pratt her due process rights by denying Plaintiff Reed-Pratt her state constitutional and statutory right to choose whether to request, either verbally or in writing, an absentee voter application from the Defendant Winfrey.

42.     Defendants Winfrey, City Election Commission and Department of Elections' unlawful actions denied Plaintiff Reed-Pratt her procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

43.     Defendants Winfrey, City Election Commission and Department of Elections' unlawful actions denied Plaintiff Reed-Pratt her substantive due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff Reed-Pratt requests this Court enters judgment against Defendants Winfrey, City Election Commission, and Department of Elections as follows:

    a. compensatory damages in whatever amount above $75,000.00 Plaintiffs are found to be entitled;

    b. an award of exemplary and punitive damages;

    c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;

    d. a declaration that Plaintiff Reed-Pratt's procedural due process rights have been violated by Defendants Winfrey, City Election Commission, and Department of Elections;

    e. a declaration that Plaintiff Reed-Pratt's substantive due process rights have been violated by Defendants Winfrey, City Election Commission, and Department of Elections;

    f. a declaration that Defendants Winfrey, City Election Commission, and Department of Elections do not have the authority under Michigan's Constitution and/or Michigan Election Law to mail unsolicited absentee voter applications to registered voters in the City of Detroit;

    g. an injunction enjoining the Defendants Winfrey, City Elections Commission and Department of Elections from mailing unsolicited absentee voter applications to registered voters in the City of Detroit; and

    h. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II
### State Law Claim-Declaratory Judgment Declaring City of Detroit Defendants Violated Mich. Comp. Laws §168.759(5) By Mailing Unsolicited Absentee Voter Applications To Plaintiff and Other Registered Voters In The City of Detroit.

44.     Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

45.     This state-law claim for declaratory judgment is being brought by Plaintiff Reed-Pratt against Defendants Winfrey, City Election Commission and Department of Elections (collectively referred to herein as "**City of Detroit Defendants**") pursuant to MCR 2.605.

46.     This Court has the discretion under 28 U.S.C. §1367 to exercise supplemental jurisdiction over Plaintiff Reed-Pratt's state-law claim.

47.     This claim for declaratory judgment under Michigan law is being brought by Plaintiff Reed-Prat, as an individual and registered voter of the City of Detroit, against Defendants Winfrey, City Election Commission, and Department of Elections.

48.     An actual controversy exists between Plaintiff and Defendants.

49.     On or about June 3, 2020, Plaintiff Reed-Pratt, called and advised well-known political and community Activist Robert Davis that she had just received an ***unsolicited*** absentee voter

**application** through the mail from the Defendants Winfrey, City

Election Commission and Department of Elections, along with a

prepaid postage envelope for the mailing back of her absentee

voter application. (**See Unsolicited Absentee Voter**

**Application and Letter Plaintiff Reed-Pratt received**

**attached as Exhibit A**).

50.      Plaintiff Reed-Pratt further advised Robert Davis that

Plaintiff Reed-Pratt did **not** request, verbally or in writing, for the

Defendants Winfrey, City of Election Commission and

Department of Elections to send Plaintiff Reed-Pratt an absentee

voter **application** for the upcoming August 2020 primary and the

November 2020 general elections.

51.      The absentee voter application Plaintiff Reed-Pratt received

in the mail at her home on June 3, 2020 from the Defendants

Winfrey, City Election Commission, and Department of Elections

was **unsolicited**!

52.      Defendants Winfrey, City Election Commission and

Department of Elections' letter, which is dated May 2020, is

addressed to "Detroit Voter" and further advised Plaintiff Reed-

Pratt how to fill out the **unsolicited** absentee voter **application** that was enclosed and advised Plaintiff Reed-Pratt to use the postage prepaid envelope to return the **unsolicited** absentee voter **application**. (**See Defendants' Letter and Unsolicited Absentee Voter Application mailed to Plaintiff Reed-Pratt attached as Exhibit A**).

53.     The Defendants Winfrey, City Election Commission, and Department of Elections' actions of mailing out **unsolicited** absentee voter **applications** to Plaintiff Reed-Pratt and other registered voters in the City of Detroit were unlawful and violates Mich. Comp. Laws §168.759(5) and the Michigan Court of Appeals' holding in *Taylor v Currie*, 277 Mich. App. 85; 743 NW2d 571 (2007), *lv denied,* 483 Mich. 907; 762 NW 2d 169 (2009).

54.     The City of Detroit Defendants' unlawful actions of mailing **unsolicited** absentee voter applications were arbitrary and capricious and in violation of state law.

55.     Proof that the City of Detroit Defendants' unlawful actions were arbitrary and capricious is the fact that since the Michigan Court of Appeals' ruling in *Taylor v Currie, supra*, the City of

Detroit Defendants have **NEVER** mailed **unsolicited** absentee voter applications to all registered voters in the City of Detroit.

56.     In fact, the approved minutes from the Defendant City Election Commission's May 14, 2020 meeting further illustrates that the City of Detroit Defendants' unlawful actions of mailing **unsolicited** absentee voter applications to Plaintiff Reed-Pratt and other registered voters in the City of Detroit were arbitrary and capricious. (**See Defendant City Election Commission's Approved Minutes from May 14, 2020 Meeting attached as Exhibit B**).

57.     The approved minutes from the Defendant City Election Commission's May 14, 2020 meeting further illustrates that the City of Detroit Defendants had deliberate intentions to ignore and violate Michigan Election Law and the Michigan Court of Appeals' holding in *Taylor v Currie, supra*, and mail **unsolicited** absentee voter applications to Plaintiff Reed-Pratt and other registered voters in the City of Detroit due to the COVID-19 pandemic. (**Exhibit B**).

58.     However, although the City of Detroit Defendants' intentions were well-intended, the COVID-19 pandemic does not authorize the City of Detroit Defendants to violate Michigan Election Law or binding court orders.

**WHEREFORE**, Plaintiff Reed-Pratt requests this Court to enter judgment against Defendants Winfrey, Department of Elections and City Election Commission as follows:

a. Enters an order declaring Defendants Winfrey, City Election Commission and Department of Elections violated Mich. Comp. Laws §168.759(5) by mailing an unsolicited absentee voter application to Plaintiff in June 2020;

b. Enters an order declaring Defendants Winfrey, City Election Commission and Department of Elections violated the Wayne County Circuit Court's March 23, 2006 permanent injunction order entered in the case of *Taylor v Currie* by mailing an unsolicited absentee voter application to Plaintiff in June 2020;

c. Enters an order enjoining the Defendants from mailing unsolicited absentee voter applications to Plaintiff and other registered voters in the City of Detroit;

d. Enters an order awarding Plaintiff Reed-Pratt court costs and attorney fees; and

e. Enters an order awarding whatever other relief appears appropriate to the Court at the time of final judgment.

## COUNT III
### State Law Claim-Writ of Mandamus Compelling City of Detroit Defendants To Comply With Mich. Comp. Laws §168.759(5) and Compelling City of Detroit Defendants Not To Mail Unsolicited Absentee Voter Applications To Plaintiff and Other Registered Voters In The City of Detroit.

59.     Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

60.     This state-law claim for writ of mandamus is being brought by Plaintiff Reed-Pratt against Defendants Winfrey, City Election Commission and Department of Elections (collectively referred to herein as "**City of Detroit Defendants**") pursuant to MCR 3.305.

61.     This Court has the discretion under 28 U.S.C. §1367 to exercise supplemental jurisdiction over Plaintiff Reed-Pratt's state-law claim.

62.     This claim for writ of mandamus under Michigan law is being brought by Plaintiff Reed-Prat, as an individual and registered voter of the City of Detroit, against Defendants Winfrey, City Election Commission, and Department of Elections.

63.     For the reasons set forth herein, pursuant to MCR 3.305(C), Plaintiff will seek the issuance of an *ex parte* order to show cause

for the City of Detroit Defendants to show cause why a writ of mandamus should not issue.

64.     Because Plaintiff Reed-Pratt believed that the Defendants Winfrey, City Election Commission and Department of Elections' actions of mailing an **unsolicited** absentee voter **application** to Plaintiff Reed-Pratt were unlawful and illegal, Plaintiff Reed-Pratt did not feel comfortable using the **unsolicited** absentee voter **application** the City of Detroit Defendants mailed her for the August 4, 2020 primary election.

65.     Instead, Plaintiff Reed-Pratt chose to vote in person for the primary election held on August 4, 2020.

66.     Based upon the conversations Plaintiff Reed-Pratt overheard being held amongst election inspectors/workers in the voting precinct, Plaintiff Reed-Pratt believes Defendants Winfrey, City Election Commission and Department of Elections will attempt to mail **unsolicited** absentee voter **applications** to registered voters in the City of Detroit for the upcoming November 3, 2020 presidential general election.

67.     Political and community activist Robert Davis was recently told confidentially by political insiders that Defendant Winfrey will be mailing out **unsolicited** absentee voter **applications** to registered voters in the City of Detroit who voted "in person" at the August 4, 2020 primary election and/or did not return an absentee voter application to vote by absentee ballot for the impending November 3, 2020 presidential general election.

68.     Plaintiff believes the City of Detroit Defendants will attempt to violate the law and mail unsolicited absentee voter applications for the upcoming November 3, 2020 presidential general elections.

69.     Plaintiff believes City of Detroit Defendants' actions would violate Mich. Comp. Laws §168.759(5).

70.     A writ of mandamus is necessary to compel the City of Detroit Defendants' compliance with Mich. Comp. Laws §168.759(5).

71.     Plaintiff has a clear legal right to the performance of the duty being sought.

72.     City of Detroit Defendants have a clear legal duty to perform the duty being sought to be compelled.

73.     The duty is ministerial in nature and Plaintiff has no other adequate remedy at law to compel the City of Detroit Defendants to comply with Mich. Comp. Laws §168.759(5) for the upcoming November 3, 2020 presidential general election.

**WHEREFORE**, Plaintiff Reed-Pratt requests this Court enters judgment against Defendants Winfrey, City Election Commission, and Department of Elections as follows:

a. Issue a writ of mandamus compelling Defendants Winfrey, City Election Commission, and Department of Elections to comply with Mich. Comp. Laws §168.759(5);

b. Issue a writ of mandamus compelling Defendants Winfrey, City Election Commission, and Department of Elections not to send Plaintiff and other registered voters in the City of Detroit unsolicited absentee voter applications for the upcoming November 3, 2020 presidential general election;

c. Issue an order to show cause pursuant to MCR 3.305(C) for Defendants to show cause why a writ of mandamus should not issue; and

d. Order awarding whatever other relief appears appropriate at the time of final judgment.

Dated: August 14, 2020         Respectfully submitted,

                           */s/ ANDREW A. PATERSON*
                           ANDREW   A.   PATERSON   (P18690)
                           Attorney for Plaintiff
                           2893 E. Eisenhower Pkwy
                           Ann Arbor, MI 48108
                           (248) 568-9712
                           aap43@outlook.com

## JURY DEMAND

Plaintiff, through counsel, respectfully demands a jury trial on all

issues triable to a jury.

Dated: August 14, 2020         Respectfully submitted,
                           */s/ ANDREW A. PATERSON*
                           ANDREW A. PATERSON (P18690)
                           Attorney for Plaintiffs
                           2893 E. Eisenhower Pkwy
                           Ann Arbor, MI 48108
                           (248) 568-9712
                           aap43@outlook.com

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing

document(s) was filed and served via the Court's electronic case filing

and noticing system (ECF) this 14th day of August, 2020, which will

automatically send notification of such filing to all attorneys and parties

of record registered electronically.

Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff