**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

LEIGH REED-PRATT,

        Plaintiff,

v.

                                                     Case No. 20-12129

JANICE WINFREY,
DETROIT ELECTION COMMISSION,
and DETROIT DEPARTMENT OF ELECTIONS,

        Defendants.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION,
ORDERING PLAINTIFF TO SHOW CAUSE,
AND SETTING A TELEPHONE CONFERENCE**

Plaintiff Leigh Reed-Pratt brings this action for alleged violations of her procedural and substantive due process rights, and included as well a claim seeking an order of criminal contempt for Defendants' violation of an injunction issued in another case by another court pursuant to one or more Michigan laws. (ECF No. 1, PageID.4-20.) She alleges Defendants have mailed, and plan to continue to mail, unsolicited absentee voter applications to voters in Detroit contrary to certain specified terms of the state court injunction. (*Id.*, PageID.6-7.) On August 13, 2020, the court issued an order adjourning without date the preliminary injunction hearing and ordering Plaintiff to show cause why the case, or at least Count II (the criminal contempt claim) of the original Complaint, should not be dismissed without prejudice.  Rather than responding to the order to show cause, Plaintiff filed on the following day an "Emergency Motion for Reconsideration." (ECF No. 18.) Plaintiff argues that the court should reconsider its order and reschedule the preliminary injunction hearing for its original date, August 19,

2020. Plaintiff further asserts that Defendants made misrepresentations in their filings which led to the court's August 13 Order. Finally, Plaintiff filed an Amended Complaint, which no longer includes the criminal contempt count, but adds two new state law claims. (ECF No. 19.)

### A. Motion for Reconsideration

To prevail on a motion for reconsideration, a party "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3); *see also Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015) (Steeh, J.).

Plaintiff asserts that this court was misled by a palpable defect by relying on Defendants' inaccurate report of the status of a state court case, *A Felon's Crusade for Equality, Honesty and Truth v. Winfrey*, Case No. 20-007315-CZ (Wayne Cnty. Cir. Ct.) (Kenny, C.J.). In their response to a motion for a TRO, Defendants had asserted that proceedings in the state court case were ongoing, (ECF No. 7, PageID.93-94,) and that a hearing before the state court had been set for August 21, 2020. (*Id.*, PageID.94.)

Plaintiff now informs the court that on August 14—the day after the court's order to show cause—the parties in the state court case submitted a stipulated order of dismissal of that case. (ECF No. 18, PageID.309.)  Plaintiff further contends that Defendants misrepresented that a hearing had been set for August 21, and as a basis asserts that on the morning of August 14, the state court clerk confirmed that "Chief Judge Kenny had NOT scheduled and/or set an August 21, 2020 hearing date for Defendants' motion for summary disposition in *A Felon's Crusade's* state-court action. In fact, Chief Judge Kenny's clerk further advised that due to other pressing matters and demands, Chief Judge Kenny was NOT scheduling ANY hearings on ANY motions for summary disposition any time soon." (*Id.*, PageID.311 (emphasis in original).) Plaintiff also submits an email dated August 24, 2020, in which defense counsel states, "There were no misrepresentations made. I was not informed until today that Judge Kenny will not, for the time being and due to pressing demands, hear summary disposition motions in ANY case. Such as one that had been set for today in another matter." (ECF No. 18-3, PageID.319.)

The court will deny the motion for reconsideration.  The primary concern of the court's August 13 order was that due to that ongoing state court case, federalism and abstention doctrines might require the court to stay its federal case. Plaintiff does not dispute that at the time the court issued its August 13 order, there existed an ongoing state court case on issues similar to those presented in this case. Thus, the court was not "misled" by any "palpable defect." Rather, the landscape changed *after* the court issued its order. As to the possibility of an August 21 hearing before the state court judge, the state court hearing itself did not form the basis of the court's decision; at

3

most, it informed the deadlines the court imposed. Nonetheless, due to the gravity of Plaintiff's assertion that Defendants deliberately misled the court, the court will allow Defendants an opportunity to respond to Plaintiff's allegation.

Because Plaintiff has failed to identify a palpable defect by which the court has been misled, the court will deny the motion for reconsideration. E.D. Mich. L.R. 7.1(h)(3). The court will, however, schedule a telephone conference to discuss scheduling deadlines as it relates to the motion for preliminary injunction and other matters.

**B. Amended Complaint**

Also before the court is Plaintiff's Amended Complaint, filed on August 14, 2020. Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend its pleadings once as a matter of course within 21 days of service. Because Plaintiff amended her complaint within 21 days of service, the amendment is proper. Having reviewed the complaint, the court remains concerned about the propriety of exercising supplemental jurisdiction over the state law claims.

Under Count I, Plaintiff asserts a federal cause of action, alleging that Plaintiff's procedural and substantive due process rights were violated by Defendants' unilateral mailing of unsolicited absentee voter applications. (ECF No. 19, PageID.323-332.) Under Count II, Plaintiff brings a state case of action seeking a declaratory judgment that the sending of unsolicited absentee ballot applications Defendants violates Mich. Comp. Laws §168.759(5) and the Michigan Court of Appeals' holding in *Taylor v Currie*, 277 Mich. App. 85; 743 N.W.2d 571 (Mich. Ct. App. 2007). (*Id.*, PageID.332-337.) Similarly, in Count III, Plaintiff requests a writ of mandamus compelling Defendants to

comply with Mich. Comp. Laws §168.759(5) by ceasing to mail unsolicited absentee voter applications. (*Id.*, PageID.338-341.) The two new state law counts are different from the previous state law claim for criminal contempt. The court, however, is inclined to decline supplemental jurisdiction over these state claims.

As explained in the previous Order to Show Cause, a federal court may exercise supplemental jurisdiction over each claim in an action that shares a "common nucleus of operative facts" with a claim that invokes the court's original jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). However, the federal court need not exercise its authority to invoke supplemental jurisdiction in every case in which it is possible to do so. *Id.* at 726. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id.* Justification for this doctrine "lies in considerations of judicial economy, convenience, and fairness to litigants." *Id.* Therefore, "[i]n deciding whether to exercise supplemental jurisdiction . . . a judge must take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Senra v. Smithfield*, 715 F.3d 34, 41 (1st Cir. 2013). If these considerations are not present, "a federal court should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726. Additionally, supplemental jurisdiction may be denied "if the federal claims are dismissed before trial," if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. *Id.* at 726–27.

Title 28 U.S.C. § 1367 authorizes federal courts to exercise supplemental jurisdiction. A court has the discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) if:

    (1)    the claim raises a novel or complex issue of state law,

    (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3)    the district court has dismissed all claims over which it has original jurisdiction, or

    (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Subsections one, two, and four are relevant to the present action. Although all three counts relate to the mailing of unsolicited absentee ballot applications, their focus is entirely different. Count I is limited to whether the mailing of unsolicited ballot applications violates Plaintiff's federal substantive and procedural due process rights. Counts II and III require the court to delve into the contours of state law and determine the extent of a decade-old state court injunction. While cast in different terms, Counts II and III still require the court to determine whether Defendants, individuals charged with oversight of state elections, violated a state court order, issued by a state court judge, regarding state law, and asks the court to make declarations regarding the interaction between the state court law and the referenced injunction. As stated before, the court is strongly inclined to avoid interjecting itself into state law claims which implicate not just Michigan's election procedures and self-governance, but enforcement of the state's own orders involving those procedures. The court will therefore order Plaintiff to show cause why Counts II and III should not be dismissed without prejudice.

### C. Telephone Conference

The court will conduct a telephone conference on **August 18, 2020 at 3:30 pm.** Counsel should be prepared to discuss the scheduling of a preliminary injunction hearing, as well as any briefing that needs to occur before the hearing. The court will

additionally discuss how the recently transferred case, *Davis v. Benson* (Case No. 20-12130), impacts this litigation and its scheduling dates. Counsel should also be prepared to inform the court of any then-pending state court matters concerning similar subject matter, including the three actions before the court of claims. If state court cases are ongoing involving similar subject matter, the court may issue another order to show cause based on *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-19 (1976).

### D.  Conclusion

IT IS ORDERED that Plaintiff's "Emergency Motion for Reconsideration" (ECF No. 18) is DENIED. Defendants are, however, DIRECTED to file a concise reply by **August 20, 2020**, directed solely at the allegations regarding their alleged misrepresentations regarding the existence of an August 21, 2020 state court hearing.

IT IS ORDERED that Plaintiff is ORDERED to show cause by **August 24, 2020** why the court should not decline to exercise supplemental jurisdiction over Counts II and III and dismiss them without prejudice.

IT IS FURTHER ORDERED that Defendants are DIRECTED to file a responsive brief by **August 31, 2020.** Unless otherwise ordered, no reply brief shall be presented.

Finally, a telephone conference is SCHEDULED for **August 18, 2020 at 3:30 p.m**. The court will initiate the call.

  s/Robert H. Cleland                              /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 17, 2020

7

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 17, 2020, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                                    /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-12129.REED-PRATT.Reconsideration.SecondShowCause.chd.docx