**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

LEIGH REED-PRATT,

                Plaintiff,

v.

                                      Case No. 20-12129

JANICE WINFREY,
DETROIT ELECTION COMMISSION,
and DETROIT DEPARTMENT OF ELECTIONS,

                Defendants.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S STATE CLAIMS, STAYING PLAINTIFF'S FEDERAL CLAIM, AND DENYING PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE REPLY BRIEF**

Plaintiff Leigh Reed-Pratt brings this action for alleged violations of her procedural and substantive due process rights, as well as claims for a declaratory judgment and a writ of mandamus pursuant to Michigan law. (ECF No. 1, PageID.4-20.) She alleges Defendants have mailed, and plan to continue to mail, unsolicited absentee voter applications to voters in Detroit contrary to state law. (*Id.*, PageID.6-7.)

Plaintiff moved for a temporary restraining order and a preliminary injunction. (ECF No 2.) On August 11, 2020, the court denied Plaintiff's motion for a temporary restraining order. (ECF No. 8.) Then, on August 17, 2020, the court ordered Plaintiff to show cause why the court should not decline to exercise supplemental jurisdiction over her state law claims. (ECF No. 22, PageID.363.) The court ordered Plaintiff to show cause on August 19, 2020, why the entire case should not be stayed or dismissed without prejudice pursuant to issues of comity, federalism, and abstention. (ECF No. 24,

PageID.403.) Consideration of Plaintiff's motion for a preliminary injunction was adjourned without date. (*Id.*, PageID.403-04.)

Plaintiff responded to the show cause orders. (ECF Nos. 25, 27.) Defendants then filed a responsive brief. (ECF No. 27.) After briefing was complete, Plaintiff filed an "Emergency Motion for Leave to File [a] Reply Brief." (ECF No. 28.)

The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons provided below, the court will dismiss Plaintiff's state claims without prejudice, stay Plaintiff's federal claim, and deny the motion for leave to file a reply brief.

## I.  DISCUSSION

The court will first address the court's jurisdiction over Plaintiff's state law claims. It will then turn to an analysis of the *Colorado River* abstention doctrine. Finally, the court will address Plaintiff's motion for leave to file a reply brief.

### A.  Supplemental Jurisdiction Over Plaintiff's State Law Claims

Plaintiff states that she does not oppose the court declining supplemental jurisdiction and "supports the immediate dismissal without prejudice" of her state law claims. (ECF No. 25, PageID.406.)

Even if Plaintiff had not agreed to dismiss her state law claims, the court would nonetheless decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). Plaintiff's state law claims present complex questions of state law that impact election procedures for a major state-run election. She asks the court for a declaratory judgment that Defendants violated Michigan law by mailing unsolicited absentee ballot applications for the August primary election, (ECF No. 19, PageID.337.), and requests

that the court order Defendants to refrain from mailing unsolicited absentee ballot applications for the November general election. (*Id.*, PageID.337, 341.) Plaintiff supports her claims with Michigan statute and a 2007 decision from the Michigan Court of Appeals, *Taylor v Currie*, which held that a Detroit City Clerk could not mail unsolicited absentee ballot applications to voters. 277 Mich. App. 85, 743 N.W.2d 571, 578 (2007). Since that decision, Michigan has approved constitutional amendments expanding the opportunities for absentee voting. *See* Mich. Const. art. II, § 4. The state has also experienced the outbreak of the Coronavirus Disease ("COVID-19") which may impact the scope of the government's authority. *See* Mich. Exec. Order No. 2020-27 (2020) (Michigan executive order setting absentee voting procedures during the outbreak of COVID-19). Given the substantial and unresolved questions of state law at issue, Plaintiff's claims "raise[] . . . novel or complex issue[s] of state law," 28 U.S.C. § 1367(c), and the exercise of supplemental jurisdiction is not warranted.

Plaintiff's state law claims (Count II and Count III) will be dismissed without prejudice.

### B.  *Colorado River* Abstention

In *Colorado River Water Conservation District v. United States*, the Supreme Court held that federal courts may abstain from hearing a case solely because similar pending state court litigation exists. 424 U.S. 800, 817 (1976); *accord Romine v. Compuserve Corp.*, 160 F.3d 337, 339-41 (6th Cir. 1998). "[D]espite the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them, . . . considerations of judicial economy and federal-state comity may justify abstention in

situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine*, 160 F.3d at 339 (quotation removed).

To abstain from exercising jurisdiction, a state court action must be "parallel." *Id.* at 340; *accord Baskin v. Bath Tp. Bd. of Zoning Appeals*, 15 F.3d 569, 571-72 (6th Cir. 1994). If state proceedings are parallel, eight factors must weigh in favor of abstention. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206-07 (6th Cir. 2001); *accord Great Earth Cos. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002).

With Plaintiff's state claims dismissed, only her claim under procedural and substantive due process (Count I) remains. That claim is closely tied to state law. Plaintiff's complaint states that Defendants violated her constitutional rights because "Mich. Const. . . . art. 2, § 4(1)(g) and Mich. Comp. Laws § 168.759(4) [require that] the registered voter . . . first request . . . an absentee voter application", (ECF No. 19, PageID.329, ¶ 33.); she also cites *Taylor v. Currie*, 743 N.W.2d 571. (ECF No. 19, PageID.326, ¶ 21.) In fact, Plaintiff explicitly alleges that Defendants "denied . . . her due process rights by denying . . . her state constitutional and statutory rights to choose whether to request . . . an absentee voter application." (*Id.*, PageID.331, ¶ 41.) Further, as Plaintiff asserts in her motion for a preliminary injunction, state law will determine whether she had a constitutionally protected interest, sufficient to allege valid procedural and substantive due process violations, in not receiving an absentee ballot application. *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) ("Whether a person has a 'property' interest [under due process] is traditionally a question of state law."); *accord Silver v. Franklin Tp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992). (ECF No. 2, PageID.37, 44-45, Plaintiff's Motion for Temporary Restraining

Order and Preliminary Injunction ("Mich. Const. . . . art. 2, § 4(1)(g) and Mich. Comp. Laws §168.759(5) establish a legitimate entitlement for Plaintiff to have the right to request . . . an absentee ballot application.").)

In a related case, Robert Davis, who filed an affidavit in support of Plaintiff in this case,[1] (ECF No. 10), has sought criminal contempt and a declaratory judgment in Wayne County Circuit Court against Defendants for violating Michigan law and *Taylor v. Currie* by mailing unsolicited absentee ballot applications. (ECF No. 27-6, PageID.553-565.) He requested an injunction to prevent Defendants from mailing absentee ballot applications for the November general elections. (*Id.*, PageID.558.)

Davis moved for an order to show cause why Defendants should not be held in criminal contempt, (ECF No. 27-5, PageID.551); Plaintiff did the same in this case.[2] (ECF No. 12.) Davis's motion was denied by Wayne County Circuit Court on July 10, 2020. (ECF No. 27-5, PageID.551.) The state court reasoned that "to the extent [Davis] suggests Defendant Winfrey unlawfully distributed absentee ballots, [Davis's] allegations lack merit, in light of [a] Michigan Court of Claims' ruling upholding the Michigan Secretary of State's authority to mail absentee ballot applications to all registered voters." (*Id.*) The complaint was dismissed on July 24, 2020, and Davis appealed to the Michigan Court of Appeals. (ECF No. 27-7, PageID.568-70.) The case

---

[1]     Plaintiff for her part filed an affidavit to support Davis in a case filed by his corporate entity in Wayne County Circuit Court, also against Defendants, alleging Defendants illegally mailed absentee ballot applications. (ECF No. 27-4.) That case was voluntarily dismissed on August 14, 2020. (ECF No. 18-1.)

[2]     The court denied Plaintiff's motion to show cause on August 13, 2020, reasoning that "there [was] no justification shown for the court to immediately burden Defendants with a requirement to come forward to show cause, shortcutting procedural protections afforded to all litigants." (ECF No. 17, PageID.304.)

5

is currently before the Michigan Court of Appeals. *Davis v. Wayne Cnty. Election Comm'n*, Case No. 354315 (Mich. Ct. App.).

**1.  Whether the Federal and State Suits are Parallel**

Plaintiff's federal claim is parallel to Davis's case before the Michigan Court of Appeals. "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340 (quotation removed); *accord Bates v. Van Buren Tp.*, 122 F. App'x 803, 806 (6th Cir. 2004). "Where . . . the parties are substantially similar and . . . [the claims] are predicated on the same allegations as to the same material facts . . . the actions must be considered 'parallel.'" *Romine*, 160 F.3d at 340; *accord Healthcare Co. v. Upward Mobility, Inc.*, 784 F. App'x 390, 394 (6th Cir. 2019).

Here, Plaintiff is bringing claims against the same Defendants in the *Davis* action. (ECF No. 27-6, PageID.552.) She is alleging the same material facts as Davis, i.e., that Defendants mailed unsolicited absentee ballot applications, (ECF No. 19, PageID.325-26, ¶¶ 18-20; ECF No. 27-6, PageID.553-64.), and asserts the same legal conclusions, i.e., that Defendants violated Michigan law and *Taylor v. Currie*. (*Id.*, PageID.326, ¶ 21, PageID.329, ¶¶ 33-34; ECF No. 27-6, PageID.553-64)

It is of no material significance that Plaintiff brings her claims under federal due process while Davis brings his claims openly under state law. *Healthcare Co.*, 784 F. App'x at 394 ("Parallelism does not require identical causes of action in the state and federal lawsuits."); *Romine*, 160 F.3d at 340 ("Exact parallelism is not required."). Plaintiff predicates her claims on the contention that Defendants' actions are illegal under state law and uses the same laws and precedent that Davis relies on in his

action. (ECF No. 19, PageID.326, ¶ 21, PageID.329, ¶ 33, PageID.331, ¶ 41; ECF No. 2, PageID.37, 44-45; ECF No. 27-6, PageID.553-64.) A finding in state court that Defendants did not violate state law would defeat Plaintiff's federal claim on its own terms, and a state court decision would resolve the material legal issues of this case. (ECF No. 19, PageID.331, ¶ 41; ECF No. 2, PageID.37, 44-45.) Plaintiff is simply rearranging Davis's state claims, and her own state claims, under the canopy of due process. She cannot now argue that these nearly identical lawsuits are not at least "substantially similar." *Romine*, 160 F.3d at 340.

Additionally, the fact that Davis is the plaintiff in state court while Plaintiff brings her claim in this court does not alter the analysis. Plaintiff and Davis have cooperated with each other to file various lawsuits challenging the unsolicited mailing of absentee voter applications. (ECF No. 10; ECF No. 27-4.) Curiously, although not a determinative factor, Plaintiff's and Davis's court filings are all composed with a very similar writing style and tone, and familiar language, leading to the impression that they were authored by the same person(s). (*Compare* ECF No. 27-6, and, ECF No. 27-7, PageID.568-69, *with*, ECF Nos. 18-19.) Defendants are named in Davis's suit, and a nominal difference in plaintiffs does not undermine the parallelism of the federal and state suits. *Preferred Care of Del., Inc. v. VanArsdale*, 676 F. App'x 388, 394 (6th Cir. 2017) ("Even if . . . the state suit includes parties . . . beyond those in the federal suit, this court has nonetheless held that such differences will not upset an otherwise substantial symmetry between a federal and state action."); *accord Healthcare Co.*, 784 F. App'x at 395.

7

### 2.  Whether the Balancing of Eight Factors Supports Abstention

With the two actions being parallel, the court will weigh eight factors to determine

if abstention is appropriate:

> (1) whether the state court has assumed jurisdiction over any res or property;
>
> (2) whether the federal forum is less convenient to the parties;
>
> (3) avoidance of piecemeal litigation;
>
> (4) the order in which jurisdiction was obtained;
>
> (5) whether the source of governing law is state or federal;
>
> (6) the adequacy of the state court action to protect the federal plaintiff's rights;
>
> (7) the relative progress of the state and federal proceedings; and
>
> (8) the presence or absence of concurrent jurisdiction.

*Cohen*, 276 F.3d at 206 (quotation removed). The court finds these factors weigh in

favor of abstention.

The first two factors are "irrelevant, as the case did not involve jurisdiction over

any res or property and the federal and state forums were equally convenient." *Great*

*Earth Cos.*, 288 F.3d at 886. Davis's case is being litigated in Wayne County Circuit

Court and the Michigan Court of Appeals; this case is in the U.S. District Court for the

Eastern District of Michigan. In either proceeding, hearings will likely be conducted

electronically.

The third factor, the avoidance of piecemeal litigation, "was paramount in

*Colorado River* itself." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S.

1, 19 (1983). "Piecemeal litigation occurs when different courts adjudicate the identical

issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341.

This factor weighs strongly in favor of abstention. Plaintiff and Davis are litigating identical issues: whether Defendants' mailing of unsolicited absentee ballot applications violates Michigan's statute, constitution, and precedents. (ECF No. 19, PageID.325-26, ¶¶ 18-21, PageID.329, ¶¶ 33-34; ECF No. 2, PageID.37, 44-45; ECF No. 27-6, PageID.553-64.) Plaintiff's due process claims merely restate Michigan legal issues in a federal cause of action, and a determination of the state law issues will determine the viability of Plaintiff's federal claims. (ECF No. 19, PageID.325-26, ¶¶ 18-21, PageID.329, ¶¶ 33-34; ECF No. 2, PageID.37, 44-45; ECF No. 27-6, PageID.553-64.) Yet by allowing Plaintiff to litigate her case, and especially if the court were to decide her motion for a preliminary injunction, the court would duplicate the efforts of state courts and risk conflicting orders. The Michigan Court of Appeals is currently reviewing Davis's case and may issue an order affirming dismissal of Davis's claims or enjoining Defendants from mailing unsolicited absentee ballot applications. *Davis*, Case No. 354315. There would be little further need for this action, and if any need existed, Plaintiff could continue this litigation after the state case is complete.

Plaintiff and Davis have worked together to file several lawsuits in state and federal court. (ECF No. 10; ECF No. 27-4.) Allowing Plaintiff to continue here while Davis appeals in state court, providing a proverbial "second bite of the apple," would undermine just adjudication and fairness to Defendants. "The legitimacy of the court system in the eyes of the public and fairness to the individual litigants . . . are

endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications." *Romine*, 160 F.3d at 341.

The order in which jurisdiction was obtained, the fourth factor of *Colorado River* analysis, supports abstention. Davis filed his case in Wayne County Circuit Court on July 8, 2020. The case was dismissed July 24, 2020, (ECF No. 27-7), and it has been before the Michigan Court of Appeals since then. This case was initiated on August 9, 2020. (ECF No. 1.) Given that the general election will be held on November 3, 2020 (absentee ballots will be submitted weeks before then), and both Plaintiff and Davis seek immediate injunctive relief against Defendants, a month's delay is considerable.

The source of law in this case, the fifth *Colorado River* factor, is facially federal. However, Plaintiff's federal claim is premised on the state issues Davis is currently litigating in state court. (ECF No. 19, PageID.325-26, ¶¶ 18-21, PageID.329, ¶¶ 33-34; ECF No. 2, PageID.37, 44-45; ECF No. 27-6, PageID.553-64.) Plaintiff explicitly styles her due process claims on the theory Defendants violated state law and deprived her of a state "entitlement." (ECF No. 19, PageID.325-26, ¶¶ 18-21, PageID.329, ¶¶ 33-34; ECF No. 2, PageID.37, 44-45.) In a sense, Plaintiff invites this court to resolve whether Defendants' actions are illegal under state law, the central question at issue in the state court litigation and this action, in order to adjudicate a tangential due process claim.

In addition, "the source-of-law factor has less significance where the federal courts' jurisdiction to enforce the statutory rights in question is concurrent with that of the state courts," the eighth factor. *Romine*, 160 F.3d at 342 (quoting *Moses H.*, 460 U.S. at 25). Michigan courts are fully capable of hearing a federal due process claim, e.g., *Bonner v. City of Brighton*, 495 Mich. 209, 848 N.W.2d 380 (2014), and in this case

state courts are better qualified given that the claims present complex and significant questions of state law. (ECF No. 19, PageID.325-26, ¶¶ 18-21, PageID.329, ¶¶ 33-34; ECF No. 2, PageID.37, 44-45.)

Michigan courts are also capable of protecting Plaintiff's rights, the sixth *Colorado River* factor. Plaintiff's claims here are predicated on state law, and if Davis is successful, he may achieve the injunctive relief that Plaintiff also seeks. (ECF No. 19, PageID.325-26, ¶¶ 18-21, PageID.329, ¶¶ 33-34; ECF No. 2, PageID.37, 44-45; ECF No. 27-6, PageID.553-64.) A ruling from Michigan courts would also definitively determine whether Plaintiff presents a facially viable federal claim. Given that state law predominates the legal questions of this case, adjudication in state court provides adequate protection for the harms Plaintiff allegedly experienced.

Finally, the progress of the proceedings, factor number seven, weighs strongly in favor of abstention. No discovery has taken place in this case; the court has not reviewed the merits of the claims or Plaintiff's motion for preliminary injunction. In state court, Davis's claims have already been dismissed and an appellate court is in the process of review. *Davis*, Case No. 354315. (ECF No. 27-7, PageID.568-70.) State court litigation has advanced much further and is more matured than this action.

Although abstention is "narrow exception" to the court's duty to exercise its jurisdiction, this case presents extraordinary circumstances. *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 557 (6th Cir. 2013). Plaintiff's federal claim is predicated on state law, asserts complex and potentially significant state law theories, and seeks to enjoin state officials before a major state-run election. Litigation in state court would

resolve the central issues in this case and is well advanced. Thus, the court will abstain from adjudicating Plaintiff's due process claim (Count I).

### 3. Whether the Court Should Stay or Dismiss the Case

Plaintiff argues that, if the court finds abstention warranted, the case should be stayed and not dismissed. (ECF No. 26, PageID.413-14.) Defendants assert that the case should be dismissed. (ECF No. 27, PageID.504.)

The court can dismiss an action when *Colorado River* applies. The Supreme Court affirmed dismissal of the complaint in *Colorado River*, 424 U.S. at 820-21, and has stated that the use of a stay or dismissal is little different. *Moses H.*, 460 U.S. at 28 ("We can say, however, that a stay is as much a refusal to exercise federal jurisdiction as a dismissal."). The Sixth Circuit has affirmed dismissal under *Colorado River* on several occasions. *E.g., White v. Morris*, 972 F.2d 350 (Table), at *2 (6th Cir. Aug. 6, 1992); *Preston v. Eriksen*, 106 F.3d 401 (Table), at *4 (Jan. 14, 1997).

However, the Sixth Circuit has held that the "best way to effectuate *Colorado River* abstention" is through a stay, not dismissal. *Bates*, 122 F. App'x at 809. A dismissal would impose additional costs on the plaintiff if he or she seeks to refile; a stay, by contrast, does not impose additional burdens on the court. *Id.* Courts in this district have described a stay as the "preferred course of action." *Taylor v. Campanelli*, 29 F. Supp. 3d 972, 981 (E.D. Mich. 2014) (Cox, J.) (quoting *Timeco Mach. Works v. S & M Machinery Sales Corp.*, 2014 WL 1308511, at *4 (E.D. Mich. Mar. 31, 2014) (Rosen, J.)).

Thus, although the court has the authority to dismiss Plaintiff's complaint, it will stay Plaintiff's federal claim. Davis's case will resolve whether Defendants violated state

law and whether they should be enjoined from mailing absentee ballot applications for the November general election. (ECF No. 27-6, PageID.553-65.) Plaintiff's claims and her request for an injunction will be resolved by the state court litigation, and she can move to lift the stay after the state litigation is complete if needed.

### C.  Plaintiff's Motion for Leave to File a Reply Brief

In its orders to show cause, the court stated that "no reply brief shall be presented." (ECF No. 22, PageID.363; ECF 24, PageID.403.) Plaintiff moves to file a reply brief, arguing that cases before the Michigan Court of Claims, brought by Robert Davis against the Michigan Secretary of State, are not parallel to this action. (ECF No. 28, PageID.578-85.) Plaintiff requests an additional five pages to "argue[] in greater detail [those] legal arguments." (*Id.*, PageID.585.)

First, Plaintiff's motion for leave includes eight pages of substantive legal arguments against abstention. (*Id.*, PageID.578-85.) The court does not believe an additional five pages is necessary. What is more, local rules state that "[t]he text of a reply brief, including footnotes and signatures, may not exceed 7 pages." E.D. Mich. L.R. 7.1(d)(3)(B).

Second and more importantly, Plaintiff's motion and her proposed reply do not discuss Davis's case before the Michigan Court of Appeals that challenges Defendants' mailing of unsolicited absentee ballot applications. *Davis*, Case No. 354315. That case independently justifies abstention. *See supra* Section I.B. A reply brief is unnecessary and Plaintiff's motion will be denied.

## II.  CONCLUSION

This case presents novel and complex state law issues. The court will decline supplemental jurisdiction over Plaintiff's state claims and will stay her federal claim under the *Colorado River* doctrine. The predominant legal issues in this case will be resolved in pending state court litigation. Accordingly,

IT IS ORDERED that Plaintiff's state law claims (Count II and Count III) are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED the Plaintiff's federal claim (Count I) is STAYED pending further order from the court.

Finally, Plaintiff's "Emergency Motion for Leave to File [a] Reply Brief" (ECF No. 28) is DENIED.

s/Robert H. Cleland                                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 9, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 9, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-12129.REED-
PRATT.OpinionDismissingStateClaimsStayingFederalClaimandDenyingEmergencyMotionforLeave.RHC.RMK.2.docx